```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LINTON WHITE
                                                               Case No.
                        Plaintiff,
            v.                                                 COMPLAINT

TAKE-TWO INTERACTIVE SOFTWARE,                                 DEMAND FOR JURY TRIAL
INC. and ROCKSTAR GAMES, INC.
                                                               ECF CASE
                        Defendants.
-----------------------------------------------------------X
```

**'08 CIV 6473**

*[RECEIVED JUL 21 2008 U.S.D.C. S.D.N.Y. CASHIERS stamp]*

Plaintiff, Linton White, by his attorney, Anthony Motta, as and for his complaint against the defendants, alleges the following:

## PARTIES

1. At all times relevant, Plaintiff has been a citizen and resident of the Country of Jamaica.

2. Upon information and belief, the defendant, Take-Two Interactive Software, Inc. ("Take-Two"), is a Delaware corporation authorized to do business in the State of New York with its principal place of business in New York, New York.

3. Upon information and belief, the defendant, Rockstar Games, Inc. ("Rockstar") is a Delaware corporation authorized to do business in the State of New York with its principal place of business in New York, New York.

4. Plaintiff is one of the writers of the composition, "Last Night" co-written with and performed by the Jamaican Dancehall artist, David Constantine Brooks who performs under the name :"Mavado".

5. Plaintiff is one of the writers of the composition, "Bullet Proof Skin" co-written with Rodney Basil Price a/k/a "Bounty Killer" and performed by the Jamaican artist, Bounty Killer ("Last Night and "Bullet Proof Skin" shall be collectively referred to hereafter as the "Infringed Works").

6. At all times relevant, both Mavado and Bounty Killer were citizens and residents of the Country of Jamaica.

7. "Last Night" was first commercially released and published in Jamaica on or about July 10, 2007 appearing on the album by Mavado entitled: *Gangsta for Life: The Symphony of David Brooks.*

8. "Bullet Proof Skin" was first commercially released and published in Jamaica on or about November 7, 2006 appearing on the album entitled: *The Biggest Ragga Dancehall Anthems 2006.*

9. Upon information and belief, Take-Two and Rockstar are software and video game companies that create the software and programming for the video game series "Grand Theft Auto" ("GTA"). GTA features a rollicking mix of action, driving and role play. The series is focused around characters who battle to rise to the top of the criminal underworld. The later installments of the GTA series, namely Grand Theft Auto III and Grand Theft Auto IV ("GTA IV"), prominently feature radio stations, which simulate the characters driving to multiple genres of music programmed and compiled by various disc jockeys, radio personalities, artists and producers.

10. Upon information and belief, Take-Two and Rockstar oversee the compilations

of the master recordings that are included on each of the various radio stations that play such a prominent part of the action in the GTA series. Take-Two and Rockstar manufacture, market, promote, sell and cause to have distributed throughout the United States and the world the GTA series of games featuring and embodying the multiple master recordings and the underlying songwriting copyrights embodied thereon.

11. Commencing on or about April 29, 2008 Take-Two and Rockstar released on the PlayStation 3 and Xbox 360 platforms and caused to have manufactured, sold, and distributed the latest installment of the GTA series: GTA IV.

## JURISDICTION

12. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338.

## VENUE

13. Venue of this case is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400.

## FIRST CLAIM FOR COPYRIGHT INFRINGEMENT

14. This claim is for damages, declaratory relief, and permanent injunctive relief and is brought by Plaintiff pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. SS 101, *et seq.*

15. The Infringed Works were authored by foreign nationals and were first published outside the United States.

16. The Infringed Works were commercially released and/or widely available in both Jamaica and the United States and became very popular and known dancehall recordings.

17. The Infringed Works are included in GTA IV in the compilation entitled: "Massive B Sound System" with the DJ Programmer Bobby Konders ("Konders").

18. The musical compositions embodied on GTA IV (the "Infringing Works") have the same title as the Infringed Works, share the same lyrics and melody as the Infringed Works, but contain different music than the Infringed Works.

19. Take-Two, Rockstar and Konders in creating the Infringing Works blatantly disregarded federal copyright law replacing the music of each of the Infringed Works with a completely new musical track without first obtaining the required license from Plaintiff to prepare a derivative work based upon the Infringed Works.

20. Take-Two and Rockstar are the manufacturer and distributor of GTA IV which embodies the Infringing Works that, among other things produced, manufactured and distributed and authorized others to produce, manufacture, distribute, sell and market, or license for distribution or sale, the Infringing Works as they are embodied on GTA IV.

21. By reason of the infringements and threatened infringements of Take-Two and Rockstar, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to his rights in the Infringed Works.

22. Further irreparable harm to Plaintiff is imminent as a result of Take-Two and Rockstar's conduct, and Plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining Take-Two and Rockstar, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

23. Plaintiff is further entitled to recover from Take-Two and Rockstar; the damages sustained by plaintiff as a result Take-Two and Rockstar's acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage plaintiff has suffered by reason of defendants' acts of copyright infringement but believes such damages exceed $150,000.

24. Plaintiff is further entitled to recover from Take-Two and Rockstar the gains, profits and advantages they obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages Take-Two and Rockstar have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believes that defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

## SECOND CLAIM FOR REVERSE PASSING OFF

25. The allegations of paragraphs 1-24 are incorporated herein by reference.

26. This claim is for damages, declaratory relief, and permanent injunctive relief and is brought by Plaintiff pursuant to the Lanham Act, 15 U.S.C. §1125(a) *et seq.*

27. In the product insert entitled "Liberty City Guidebook" accompanying each copy of GTA IV, and upon information and belief in other media disseminated or caused to be disseminated by defendants, defendants designate D. Books and B. Konders as the writers of "Last Night". No designation is made of plaintiff as a writer.

28. In the product insert entitled "Liberty City Guidebook" accompanying each copy of GTA IV, and upon information and belief in other media disseminated or caused to be

disseminated by defendants, defendants designate D. Books and R. Price as the writers of "Bullet Proof Skin". No designation is made of plaintiff as a writer.

29. By the acts described above, defendants have falsely designated the writers of "Last Night" and "Bullet Proof Skin".

30. Such false designation is likely to cause confusion, mistake and/or deceive consumers and plaintiff has been injured thereby.

31. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Plaintiff demands judgment as follows:

a) That Defendants be found liable for direct, contributory and/or vicarious copyright infringement.

b) That Defendants be ordered to submit to an accounting so that all gains, sales, profits and advantages derived by Defendants from each of their acts, may be determined.

c) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from copying, reproducing, performing, manufacturing, promoting, advertising and distributing the Infringing Work, or performing any materials that are substantially similar to the Infringing Work, for the recall of all copies of the Infringing Work from distributors and retailers, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing the Infringing Work in Defendants' possession or control.

d) For actual damages and Defendants' profits in an amount in excess of $150,000 to be determined at trial.

e) For punitive damages in an amount to be determined at trial, not less than $1,000,000.

f) For declaratory judgment that plaintiff is an owner of the copyright in the Infringing Works, and is entitled to royalties, based on his percentage ownership or, in the alternative, that the Court declare his ownership interest in such work and order appropriate payment based on such ownership interest.

g) For his reasonable attorney's fees and costs.

h) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 21, 2008

_____
ANTHONY MOTTA (AM-1648)
Attorney for Plaintiff
50 Broadway, Suite 2202
New York, New York 10004
Tel: (212) 791-7360
Fax: (212) 791-7362