DAVIS & GILBERT LLP
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4853
EMAIL ADDRESS
GCOHEN@DGLAW.COM

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 974-6959

August 28, 2008

**BY HAND**

Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-29-08

Re:   *Linton White v. Take-Two Interactive Software, Inc.*, Case No. 08 Civ. 6473

Dear Judge Marrero:

This firm represents defendants Take-Two Interactive Software, Inc. and Rockstar Games, Inc. in the above-referenced action. We write to request: (1) a two-week extension of time to respond to the Complaint; and (2) a pre-motion conference concerning defendants' anticipated summary judgment motion.

Defendants request an extension of time to respond to the Complaint from September 3, 2008 to September 17, 2008. The parties have discussed resolving this matter, and the additional time may allow the parties to reach a resolution without unnecessary litigation. This is defendants' second request for an extension of time, and plaintiff's counsel consents to the requested extension.

Defendants also seek a pre-motion conference concerning their planned summary judgment motion. Plaintiff claims to be a joint author of two songs – *Last Night* and *Bullet Proof Skin* (the "Songs") – which defendants included in Grand Theft Auto IV, a well-known video game (the "Game"). According to plaintiff, David Brooks and he are the joint authors of *Last Night*, and Rodney Price and he are the joint authors of *Bullet Proof Skin*. (Compl. ¶¶ 4-5.) Plaintiff asserts that defendants have violated the Copyright Act by creating and distributing derivative works based on the Songs without obtaining a license from him. (Compl. ¶ 19.) Plaintiff also claims that defendants have violated the Lanham Act by failing to designate him as a joint author of the Songs. (Compl. ¶¶ 27-29.) Both claims lack merit.

DAVIS & GILBERT LLP

Honorable Victor Marrero
August 28, 2008
Page 2

      Even if plaintiff were to establish that his collaborations with Mr. Brooks and Mr. Price resulted in "joint works" within the meaning of the Copyright Act (and they did not), plaintiff's copyright claims fail as a matter of law because Mr. Brooks and Mr. Price executed valid written licenses authorizing the use of the Songs in the Game. Under 17 U.S.C. § 201(a), copyright in a work "vests initially in the author or authors of the work," and "[t]he authors of a joint work are co-owners of copyright in the work." Thus, "joint authorship entitles the co-authors to equal undivided interests in the whole work – in other words, each joint author has the right to use or to license the work as he or she wishes, subject only to the obligation to account to the other joint owner for any profits that are made." *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998); *see also Nimmer on Copyright* § 6.10[A] (2008) ("an authorization to the defendant from one joint owner will be an effective defense to an infringement action brought by another joint owner"). Accordingly, defendants request permission to move for summary judgment on the ground that plaintiff's copyright claims are barred by the valid license obtained from plaintiff's (alleged) joint authors.

      In addition, plaintiff's "reverse passing off" claim under the Lanham Act should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief may be granted. Even if defendants failed to credit the plaintiff as a joint author of the Songs, it is now settled law that the Lanham Act "does not apply to claims involving a failure to attribute or credit the origin of creative work;" rather, such claims may only be asserted under the Copyright Act. *Contractual Obligation Productions, LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 130 (S.D.N.Y. 2008) (*citing Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 30-37 (2003)).

      Based on these legal principles and the undisputed facts, defendants request a pre-motion conference to address their anticipated summary judgment motion.

Respectfully submitted,

Guy R. Cohen

cc: Anthony Motta, Esq. (by hand)

Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 9-17-08.

SO ORDERED.

8-28-08
DATE       VICTOR MARRERO, U.S.D.J.